ESTATE OF KORT: PASCHEN, Appellant, vs. LUCHT, Respondent.

*January 9—February 5, 1952.*

For the appellant there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil Wakeen, Walter H. Piehler,* and *Neil M. Conway* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger.*

*Walter A. Graunke* of Wausau, for the respondent.

BROADFOOT, J. Sec. 238.14, Stats., provides that wills may be revoked in certain ways, but that "nothing contained in this section shall prevent the revocation implied by law from subsequent changes in the condition or circumstances of the testator."

In *Will of Battis,* 143 Wis. 234, 239, 241, 126 N. W. 9, this court considered the effect of this section and held that divorce and division of property constituted a revocation by operation of law. It was there stated:

"The change in the condition and circumstances of a testator incident to a separation of the parties and a division and distribution of the husband's estate operates to produce a complete destruction of their legal and moral relations and consequent obligations and duties. It is difficult to conceive of a condition and circumstances which are pregnant with as strong an intent to annul the testamentary provision made for the benefit of a testator's wife and from which he would be led to conclude that the wife's claim upon his estate and his bounty had been fully discharged."

That case further held that:

". . . evidence cannot be received to rebut the presumption of an implied revocation of the provision in a will, or to show that the testator meant his will to stand as written, unless such evidence amounts to a republication of it."

Counsel attempts to distinguish the *Battis Case* on the basis that there the divorce decree had become final before the death of the testator because the year prescribed by sec. 247.37 (1), Stats., had run. We do not see any significance in that fact, since sec. 247.37 (1) also operates to make the judgment final immediately before the death of either party during that period.

Certainly the judgment of divorce granted on December 1, 1950, effected "changes in the condition or circumstances of the testator." It made a complete division of the husband's estate and the property rights of the parties, in lieu of alimony; petitioner was permitted to use her former name; compliance by both parties with all the terms of the judgment regarding distribution of property was had; the division of property was apparently agreeable to both parties. Under these circumstances Arthur Kort had the right to conclude that petitioner would have no further claim upon him or his estate.

The trial court was likewise correct in excluding testimony by which petitioner sought to show that a reconciliation had been effected between the parties before the death of Arthur Kort.

Sec. 247.37 (2), Stats., provides the method by which a judgment of divorce may be vacated before the expiration of the year prescribed in sub. (1). If they have a *bona fide* intention to become reconciled, the parties must employ the means there prescribed. The method is exclusive. To hold that testimony may be received to show that it was the intention of the testator to vacate the judgment and that petitioner should be entitled to the benefits under his will, when it is impossible to receive the testator's testimony to either corroborate or contradict it, would open the door to perjury and fraud. No one can say what the testator's intent was. Petitioner's offer of proof did not show that Arthur

Kort had brought about a republication of his will by acts sufficient to make a valid will.

"The general rule hereinbefore stated is that where the revocation of a will is presumed by law from a change in the testator's circumstances, no evidence is admissible to rebut the presumption, at least, not evidence of subsequent unexecuted intentions of the testator." 57 Am. Jur., Wills, p. 388, sec. 565."

The divorce of the parties having brought about an implied revocation of the provisions in the will of Arthur Kort for the benefit of Myrtle M. Kort, and there being no evidence of republication of the will thereafter, the trial court correctly held that the property which was intended at the time of the execution of the will to go to Myrtle M. Kort is to be considered as residue and distributed according to law.

*By the Court.*—Judgment affirmed.